Angel Milani v. Commissioner. Louise Milani v. Commissioner.
Milani v. Commissioner
Docket Nos. 11336, 11337.
United States Tax Court
1947 Tax Ct. Memo LEXIS 78; 6 T.C.M. (CCH) 1066; T.C.M. (RIA) 47280; October 2, 1947
Frank C. Scott, C.P.A., Stockton, Calif., for the petitioners. T. M. Mather, Esq., and C. D. Leist, Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: The Commissioner determined a deficiency of $601.14 in the income tax of each petitioner for 1943. They assail the adjustments resulting from his rejection of their use of inventories in reporting the community income derived by each from farming, contending that they do not require his consent to change from the cash receipts and disbursements basis of reporting to a method based on inventories. These proceedings, which were consolidated, were submitted, under Rule 30, upon a stipulation and exhibits, which are hereby incorporated as findings of fact, and from which it appears that: Petitioners, husband and wife, reside together near *79 Tracy, California, and are engaged in farming. They filed separate income tax returns for 1943 with the collector of internal revenue for the first district of California. Such accounting records as were maintained by them were on the cash receipts and disbursements basis, and for 1940 and prior years they prepared their income tax returns on that basis. For 1941, 1942 and 1943, however, each filed a separate return, reporting a half of the community income computed by the use of inventories and attaching to the husband's return Form 1040F, giving "Farm Inventory for Income Computed on an Accrual Basis." In the space for Remarks on Form 1040F for 1941, it was stated: "A change to an inventory basis from that of receipts and disbursements per method (1) of Sec. 19.22(2)-6, Regulations 103, is being made in this return. * * *" On the appropriate schedule of Form 1040F the value of opening and closing farm inventories was reported, as required, and the parties have stipulated that these values were correct for each of the years 1939 to 1943, inclusive. Petitioners never requested or received from the Commissioner permission to change from the cash receipts and disbursements basis, *80 and the Commissioner made adjustments in the taxes as reported by them for 1941, 1942 and 1943, eliminating the use of inventories. Those adjustments resulted in the determination of deficiencies in their taxes for 1943, which are here in controversy. Petitioners charge the Commissioner with error in refusing to recognize their use of the inventory method of reporting farm income as a valid election made in 1941, applicable to succeeding years, including 1943. The Commissioner justified his determination in this respect by the following explanation in the notices of deficiency: "Since you failed to obtain the consent of the Commissioner, as provided by section 29.41-2, Regulations 111, to change the basis of reporting income, the inventories reported on the return have been eliminated." The parties have stipulated the value of inventories for the years ended December 31, 1939-1943, inclusive; and other adjustments made in the determinations of deficiency for 1943 are not contested. In Kenneth S. Battelle, 9 T.C. -, promulgated September 9, 1947, this Court recently held that a taxpayer engaged in farming does not require the Commissioner's consent to change his basis of reporting *81 income from that of cash receipts and disbursements to an inventory method, and in accordance with that holding, we sustain petitioners' contention. Decisions will be entered under Rule 50.